IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBORAH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-01151-BCW |
| ) | |
| ALLY FINANCIAL, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

Pending before the Court is Plaintiff Deborah Brown's Unopposed Motion for Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Class Action Settlement and Appointing Class Counsel (Doc. # 59) and Amended Motion for Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Class Action Settlement and Appointing Class Counsel (Doc. # 64) (collectively "Motion for Preliminary Approval").

The parties to this litigation have entered into a Settlement Agreement and Release dated November 30, 2015 (the "Agreement"), to settle the above-captioned putative class action in its entirety. All capitalized terms used in this Order have the meaning as defined in the Agreement.

The Court finds that it has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332, venue is proper in this District, and there is a sufficient basis for granting preliminary approval of the Agreement and authorizing the steps necessary to

determine whether the Agreement should be finally approved and this case dismissed.

IT IS HEREBY ORDERED that:

1. For purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies that this action may proceed as a class action on behalf of a Settlement Class consisting of:

> All individuals in the United States who entered into a GAP Contract, and who, during the period from January 1, 2003, through and including December 2, 2015, made a claim under a GAP Contract.

GAP Contract is a guaranteed asset protection contract or guaranteed auto protection contract administered by CNA as part of a retail installment sale contract assigned to Ally for the purpose of purchasing an automobile. Excluded from the Settlement Class are all current Ally and CNA employees, officers and directors, and the judge presiding over this Action.

2. The Court hereby appoints Plaintiff Deborah Brown to serve as the class representative, and Robert Horn and Joseph Kronawitter of the law firm Horn Aylward & Bandy, LLC, 2600 Grand Blvd., Kansas City, MO 64108 and Brian T. Meyers of the Law Offices of Brian Timothy Meyers, 1125 Grand Blvd., St. 1610, Kansas City, MO 64106, to serve as Class Counsel.

3. The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, and hereby certifies a settlement class as defined above. The Court specifically finds that the Settlement Class consists of more than one thousand persons distributed across the country, and joinder of all the members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion. The Court further finds that the Plaintiff and her counsel have capably prosecuted the claims of this lawsuit. The Court finds no conflict between the Plaintiff or her counsel and the Settlement Class. Plaintiff and her counsel are adequate representatives for the Settlement Class. The

Plaintiff is also typical of the Settlement Class. She is a member of the Settlement Class and is representative of the claims and defenses presented by the parties in this case. Commonality is also satisfied in this case for settlement purposes as a number of common issues exist among the members of the Settlement Class. Common issues predominate over individual issues in the context of settlement, and certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

4. The declaration that this litigation may be maintained for settlement purposes only as a class action and the appointment of Class Counsel shall be without force or effect if: (a) the Court does not give Final Approval to the Agreement and enter the Final Judgment contemplated by the Agreement, or (b) this Court's approval of the Agreement and/or entry of the Final Judgment are reversed on appeal.

5. The terms of the Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Mail Notice to the members of the Settlement Class. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Kirk Goza. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter Final Judgment. This determination permitting notice to the Settlement Class is not a final finding that the Agreement is fair, reasonable and adequate, but simply a determination that

there is probable cause to disseminate Class Mail Notice to the Settlement Class and to hold a hearing on final approval of the Settlement.

6. Class Counsel may apply to the Court for an award of attorneys' fees and litigation expenses and costs reimbursement associated with the legal services provided to the Plaintiff and Settlement Class in connection with these claims and Settlement of the Action (the "Fee and Cost Application"). Class Counsel also may submit an application for a $10,000 Service Award to be paid to Plaintiff for her services as the class representative. Class Counsel shall file their Fee and Cost Application and Service Award application with the Court at least fifteen (15) days prior to the deadline for members of the Settlement Class to opt out and/or object to the Settlement. The requests made in the Fee and Cost Application and Service Award application shall be consistent with the terms of the Agreement.

7. Pursuant to Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1715(d), a hearing (the "Final Hearing") shall be held on **March 25, 2016 at 9:00 a.m.**, before the undersigned, at the United States Courthouse, 400 E. Ninth Street, Kansas City, Missouri, for the purpose of finally determining whether the Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Approval Order and Final Judgment contemplated by the Agreement and, if so, what amount of attorneys' fees and reimbursement of costs should be awarded to Class Counsel and whether a Service Award shall be awarded to the Plaintiff.

8. Approval is hereby given to the form of, and the provisions, for disseminating the Class Mail Notice containing the text indicated in Exhibit A of the Motion for Preliminary Approval. The Court finds that the Class Mail Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all members of the Settlement

Class who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Mail Notice to the Settlement Class shall be borne by Ally and CNA. The Court also appoints Jeff Dahl of Dahl, Inc. 6465 Wayzata Boulevard, Minneapolis, MN 55426, as the Settlement Administrator.

9. Within fourteen (14) days after entry of this Order, the Settlement Administrator shall deliver to the United States Postal Service for first-class mailing, postage prepaid, copies of the Class Mail Notice containing the text indicated in Exhibit A to the Motion for Preliminary Approval, addressed to each member of the Settlement Class. Prior to mailing, the Settlement Administrator will update the addresses by use of the United States Postal Service's National Change of Address database or another address database service (e.g., Accurint, Intelius). The Settlement Administrator will re-mail any returned notices to any new address disclosed. To the extent any notice is returned a second time, the Settlement Administrator shall undertake reasonable efforts to locate current addresses for said class member(s).

10. Each member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a request for exclusion to the address(es) specified in the Class Mail Notice. Such requests for exclusion must be postmarked by **February 24, 2016**. To be effective, the request for exclusion must be in writing and must include the name, address, telephone number and a statement that the class member and all other borrowers named on the class member's promissory note are seeking exclusion. Any request for exclusion must be personally signed by the person who was a party to a GAP Contract, unless such person is deceased or legally incompetent. In the event a party to the GAP Contract is deceased or legally

incompetent, the personal representative or guardian must sign the request for exclusion. Any request for exclusion must include a reference to "Brown v. Ally Financial, Inc., Case No. 13-CV-01151" and be mailed to the parties as set forth in the Class Mail Notice. Any member of the Settlement Class who fails to submit a timely and complete request for exclusion shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Agreement. Any member of the Settlement Class who timely and properly submits a request for exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11. Class Counsel shall notify counsel for Ally and CNA upon receipt of any opt-out requests and shall provide the Court with a list of any persons who timely and adequately file a request to opt out and be excluded from the Settlement at least fourteen days (14) days before the date of the Final Hearing Date.

12. Any member of the Settlement Class who intends to object to any aspect of the Settlement (including Class Counsel's Fee and Costs Application or the Service Award application) must, by **February 24, 2016**, file any such objection with the Court, and provide copies to the Parties, as set forth in the Class Mail Notice. The objection must be in writing, and shall specifically include:

- A. The name, address, and telephone number of the class member filing the objection;
- B. A statement of each objection asserted;
- C. A detailed description of the facts underlying each objection;
- D. Any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

E.  If the objector is represented by counsel, a detailed description of the legal authorities supporting each objection;

F.  If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts;

G.  If the objector plans to call a witness or present other evidence at the Final Hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present;

H.  A statement of whether the objector intends to appear at the Final Hearing; and

I.  A copy of any exhibits which the objector may offer during the Final Hearing.

Any member of the Settlement Class who does not make his or her objection in the manner provided above and in the Class Mail Notice shall be deemed to have waived such objection and shall forever be foreclosed and barred from making any objection to the fairness, adequacy, or reasonableness of the Settlement or to any other provision of this Agreement. Any member of the Settlement Class who does not file a timely written objection to the Settlement and notice of his intent to appear at the Final Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

13. The Parties to the Action and to the Agreement shall file any motions, memoranda or other material in support of final approval of the Agreement, including any response to timely and properly filed objections to the Agreement, no later than ten (10) days after the deadline for the filing of objections and opt out requests as provided in this order. Such material shall be served on Class Counsel, counsel for Ally and CNA, and on any member of the Settlement Class (or their counsel, if represented by counsel) filing an objection to the Settlement.

14. Following the Final Hearing, and based upon the entire record in this matter, the Court will decide whether the Agreement should be approved and, if so, what amount of fees and expenses should be awarded to Class Counsel. If appropriate, the Court will issue a Final

Approval Order and Final Judgment memorializing its decision.

15. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Plaintiff, Ally or CNA on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Mail Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

16. Pending final determination of this application for approval of the Agreement, and subject to further order of this Court, all proceedings in the Action other than as may be necessary to effectuate the Settlement and carry out the terms of the Agreement and responsibilities related or incidental thereto shall be stayed.

17. After consideration of issues relating to comity and the complexity of the Action, the Court finds that simultaneous proceedings in other forums relating to the claims in this action would jeopardize this Court's ability to rule on the proposed Settlement, would substantially increase the cost of litigation, would create risk of conflicting results, would waste Court resources, and could prevent the Plaintiff and Settlement Class Members from benefiting from

8

Case 4:13-cv-01151-BCW   Document 65   Filed 12/02/15   Page 8 of 9

any negotiated settlement. Permitting another court to interfere with this Court's consideration or disposition of this case would seriously impair this Court's flexibility and authority to decide this case. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

Accordingly, in order to protect its jurisdiction to consider the fairness of the Settlement, to certify, if appropriate, a final Settlement Class, and to enter a Final Approval Order and Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all litigation or further proceedings in any other state or federal court, tribunal, agency, or forum in any state or federal court other than this Court that seeks to address any rights and claims based upon, relating to, or arising out of their GAP Contracts.

IT IS SO ORDERED.


DATED: <u>December 2, 2015</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT