IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEBORAH BROWN, on behalf of herself )
and on behalf of all others similarly situated, )
                  )
      Plaintiff,          )
                  )  Case No. 13-CV-01151-BCW
v.                )
                  )
ALLY FINANCIAL, INC.          )
                  )
      Defendant.         )

## FINAL APPROVAL ORDER

On March 25, 2016, this matter came before the Court for a Final Hearing pursuant to Federal Rule of Civil Procedure 23(e). On December 2, 2015, the Court entered an Order Preliminarily Approving Class Action Settlement, Certifying the Settlement Class and Providing For Notice To the Settlement Class [Doc. No. 65] that preliminarily approved the proposed Settlement Agreement and Release (the "Agreement") between the Parties and specified the manner in which Ally and CNA were to provide the Class Mail Notice to the Settlement Class.[1]

Prior to entry of the Preliminary Approval Order, Ally and CNA complied with the requirements of 28 U.S.C. § 1715(b) by serving the appropriate documents and other information on the appropriate State and Federal officials. The Court finds that there were no objections made

---

[1] Unless otherwise indicated, capitalized terms used in this Order have the meaning defined in the Agreement filed as Exhibit 1 to the Amended Motion of Plaintiff for Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Class Action Settlement and Appointing Class Counsel [Doc. No. 64].

1

to the Agreement from such State and Federal officials as provided for under 28 U.S.C. § 1715(b).

As required by 28 U.S.C. 1715(b), the Final Hearing was held no less than ninety (90) days after Ally and CNA provided the requisite notices to the appropriate State and Federal officials.

Following dissemination of Class Mail Notice, members of the Settlement Class were given an opportunity to: (a) request exclusion from the Settlement Class; (b) object to the Settlement (including Class Counsel's Fee and Costs Application and the Service Award application; or (c) take no action. There were no objections filed, and one Class Member excluded himself from the Class.

After careful consideration of the terms of the Agreement and the presentations of the Parties, the Court concludes that the Settlement provides a fair, reasonable and adequate recovery for Settlement Class Members. The Settlement constitutes a fair result for the Settlement Class Members under the circumstances and challenges presented by the Action. The Court specifically finds that the Settlement is fair, reasonable and adequate, and a satisfactory compromise of the Settlement Class Members' claims. The Settlement fully complies with Fed. R. Civ. P. 23(e), and, thus, the Court grants Final Approval to the Settlement, certifies the Settlement Class, and awards the fees and costs requested by Class Counsel as well as the requested Service Award for the representative Plaintiff. The Court finds that the Agreement should be finally approved and this case dismissed with prejudice as to all Settlement Class Members.

IT IS HEREBY ORDERED that:

1. The prior provisional certification of the Settlement Class is hereby finally confirmed for purposes of the Settlement approved by this Final Order. The final Settlement Class is defined as:

> All individuals in the United States who entered into a GAP Contract, and who, during the period from January 1, 2003, through and including December 2, 2015, made a claim under a GAP Contract.

GAP Contract is a guaranteed asset protection contract or guaranteed auto protection contract administered by CNA as part of a retail installment sale contract financed by Ally for the purpose of purchasing an automobile. Excluded from the Settlement Class are all current Ally and CNA employees, officers and directors, and the judge presiding over this Action.

2. The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement. The Court specifically finds that the Settlement Class consists of more than one thousand persons distributed across the country, and joinder of all the members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion. The Court further finds that the Plaintiff and her counsel have capably prosecuted the claims of this lawsuit. The Court finds no conflict between the Plaintiff or her counsel and the Settlement Class. Plaintiff and her counsel are adequate representatives for the Settlement Class. The Plaintiff is also typical of the Settlement Class. She is a member of the Settlement Class and is representative of the claims and defenses presented by the parties in this case. Commonality is also satisfied in this case for settlement purposes as a number of common issues exist among the members of the Settlement Class. Common issues predominate over individual issues in the context of settlement, and certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

3

3. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(c), the Court hereby approves the terms of the Agreement as fair, reasonable, and adequate as it applies to the Settlement Class, and directs consummation of all Settlement terms and provisions including the payments to Settlement Class Members from the Settlement Fund as contemplated by the Settlement.

4. The Court hereby finds and concludes that Class Mail Notice has been given to all members of Settlement Class known and reasonably identifiable in the best manner practicable, and in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The Agreement, including the Releases provided for therein, shall be binding on the Parties to the Settlement, including all Settlement Class Members. The individuals set forth on Exhibit A hereto are members of the Settlement Class who timely and properly excluded themselves from the Settlement and therefore, are not bound by the terms of the Settlement.

6. The Court approves Class Counsel's Fee and Costs Application and orders payment to Class Counsel by Ally and CNA in the sum of $ 650,000.00 for their work on this matter on behalf of the Settlement Class.

7. The Court approves Plaintiff's Service Award Application and orders payment to the Plaintiff by Ally and CNA in the sum of $ 10,000.00 for her work on this matter on behalf of the Settlement Class.

8. The Court approves Plaintiff's Motion for Order Approving Legal Aid of Western Missouri as the *cy pres* recipient of the Settlement, and orders that all unclaimed residual Settlement funds shall be paid to Legal Aid of Western Missouri.

9. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, or the Settlement becomes null and void pursuant to the terms of the

Agreement, this Final Order shall be deemed vacated and shall have no force or effect whatsoever.

IT IS SO ORDERED.

Dated: 3/25/2016
Kansas City, Missouri

_____
BRIAN C. WIMES
UNITED STATES DISTRICT COURT

5

Case 4:13-cv-01151-BCW   Document 76   Filed 03/25/16   Page 5 of 5